IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, <br><br> *Plaintiff and Counterclaim Defendant*, <br><br> v. <br><br> SUPERIOR INTERIOR SYSTEMS, INC. OF ROCHESTER <br>    A/K/A Superior Interior Systems, Inc. of Buffalo <br>    A/K/A Superior Int. Systems <br>    A/K/A Superior Interior Systems, Inc., <br><br> AND <br><br> LARRY FUENTES, <br><br> *Defendants and Counterclaim Plaintiffs.* | Case No.: 1:06-CV-01746 (JR) |

## JOINT RULE 16.3 REPORT

Pursuant to Local Rule 16.3, Plaintiff and Counterclaim Defendant, International Painters and Allied Trades Industry Pension Fund ("Pension Fund", "Fund" or "Plaintiff and Counterclaim Defendant") and Defendants and Counterclaim Plaintiffs, Superior Interior Systems, Inc. of Rochester a/k/a Superior Interior Systems, Inc. of Buffalo a/k/a Superior Int. Systems a/k/a Superior Interior Systems, Inc. ("Superior Interior") and Larry Fuentes ("Mr. Fuentes" and together with Superior Interior "Defendants and Counterclaim Plaintiffs"), through their undersigned counsel, conferred on March 19, 2007 and hereby jointly submit this Joint Rule 16.3 Report in connection with the Scheduling Conference scheduled for March 26, 2007 at 4:30 p.m.

DMEAST #9751609 v1

A.  **Brief Statements of the Case.**

The parties hereby submit their respective brief statements of the case:

(1)  Plaintiff's and Counterclaim Defendant's Statement of the Case.  Superior Interior is signatory to a collective bargaining agreement (singly or jointly, "Labor Contracts") with one or more local labor unions affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC.  Superior Interior also agreed to abide by the terms of the Pension Fund's Trust Agreement and Plan.  Under the terms of the Labor Contracts, Trust Agreement, Plan, and pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Superior Interior is required: to make monthly fringe benefit contribution payments to the Pension Fund; to file remittance reports with the Pension Fund on a monthly basis; and is further obligated to submit to a contribution compliance audit.

The Pension Fund alleges that Superior Interior has violated the Labor Contracts, Trust Agreement, Plan and ERISA by failing to submit timely required fringe benefit contributions and other related amounts for the following months: January 2002, August 2002, January 2003, September 2003, February 2004, September 2004, October 2004, May 2004, February 2005, June 2005 and July 2005.  Based on information currently available to the Pension Fund, Superior Interior currently owes contributions, interest, liquidated damages and attorneys fees' and costs as a result of its failure to submit timely remittance reports and contributions.

The Pension Fund further alleges that Mr. Fuentes is jointly and severally liable for all amounts which Superior Interior may owe the Pension Fund.  In August 2004, Company and Mr. Fuentes executed a Settlement Agreement in favor of the Fund, and Mr. Fuentes executed a Personal Guarantee in conjunction with the Settlement Agreement, obligating him personally to all amounts due under the Settlement Agreement and any amounts that may be revealed by an

audit. In October 2005, the Pension Fund completed an audit of the Superior Interior's payroll books and related records covering the period January 1, 2002 through July 31, 2005. This audit revealed additional amounts due. Therefore, the Pension Fund alleges that Mr. Fuentes and Superior Interior are jointly and severally liable for all additional amounts due under the audit.

(2)     <u>Defendants' and Counterclaim Plaintiffs' Statement of the Case.</u>  Plaintiff and Defendants were a signatories to a collective bargaining agreement. In May 2005, Defendants ceased business operations and no longer employed any employees.

Plaintiff filed this lawsuit prematurely because they never gave Defendant notice of the audit or an opportunity to respond prior to the commencement of the suit. Mr. Fuentes bears no individual responsibility because he has fulfilled the terms of the prior settlement agreement; therefore, the personal guarantee has no impact upon this case. Defendants should not have been forced to respond to a lawsuit that was prematurely filed and which appears to be lacking in merit based upon Defendants' review of the audit provided through counsel.

**B.     <u>Rule 16.3(c) Matters.</u>**

1.     The parties believe that this case may be disposed of in whole or in part by dispositive motion(s), and the parties reserve their respective rights to file such motions in conformity with the scheduling order to be instituted by the Court.

2.     The parties believe that the deadline for joinder and amendment of the pleadings should be 30 days from the date of the scheduling conference, or until **April 25, 2007**.

3.     The parties do not consent to assignment of this case to a magistrate judge for all purposes.

4.     The parties agree that there is a realistic possibility of settling the case.

5.     The parties believe that this case could benefit from mediation through the Court's mediation program or a referral to a Magistrate Judge for mediation, but do not believe that it is appropriate at this initial juncture as matters are being addressed by the parties. The parties would request that they be permitted to file a motion requesting the case be set for mediation in the future.

6.     The parties believe that the case can be resolved in whole or in part by summary judgment. The parties propose a deadline for the filing of summary judgment motions (and/or any other dispositive motions) of 30 days from the close of discovery, **October 26, 2007**, with oppositions and replies due as dictated by Local Civil Rule 7. Additionally, the parties propose that decisions on any such motions filed be reached within 30 days from the last filing related to the motion.

7.     The parties believe that they should exchange the initial disclosures required by Rule 26(a)(1) within 30 days from the date of the scheduling conference, on or by **April 25, 2007**.

8.     The parties propose a discovery deadline of 6 months from the scheduling conference, **September 26, 2007**, and believe that discovery should be guided by the Federal Rules of Civil Procedure. The parties do not believe a protective order is necessary given the nature of this case. The parties ask that the following limits be placed on discovery:

   (a)     <u>Interrogatories.</u>  Maximum of twenty-five (25) interrogatories, including parts and subparts, by Plaintiff to Defendants and vice-versa, without leave of court. Responses due in accordance with Fed. R. Civ. P. 33.

(b) <u>Document Production.</u>  No maximum for requests for production of documents by each party to any other party.  Responses due in accordance with Fed. R. Civ. P. 34.

(c) <u>Requests of Admission.</u>  No maximum for requests for admission by Plaintiff to Defendants and vice-versa.  Responses due in accordance with Fed. R. Civ. P. 36.

(d) <u>Depositions.</u>  Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendants.  However, neither Plaintiff nor Defendants may exceed five (5) non-party, non-expert witness depositions without leave of Court.  Each deposition is limited to a maximum of seven (7) hours (excluding a one (1) hour lunch break) unless extended by agreement of the parties or otherwise permitted by this Court.

9. The parties believe that the requirements of Rule 26(a)(2) should govern and that expert written reports should be submitted 4 months after the scheduling conference, on or by **July 26, 2007**, with any rebuttal reports being submitted 5 months after the scheduling conference, on or by **August 26, 2007**.  Additionally, any depositions of experts should occur prior to the close of discovery, **September 26, 2007**.

10. The parties state that this case does not involve a class action and, therefore, Matter No. 10 is not applicable.

11. The parties do not believe that the case should be bifurcated or managed in phases.

12. The parties propose a pretrial conference date within 45 days from the close of discovery, on **November 9, 2007**.

13. The parties propose that the Court set a trial date at the pretrial conference.

Respectfully submitted this 22nd day of March, 2007.

| | |
|---|---|
| /s/ Sanford Rosenthal | /s/ Charles W. Chotvacs |
| Sanford Rosenthal # 478737 | Jeffrey W. Larroca #453718 |
| Elizabeth A. Coleman | Charles W. Chotvacs #484155 |
| Jennings Sigmond, P.C. | Ballard Spahr Andrews & Ingersoll, LLP |
| 510 Walnut Street | 601 13th Street, N.W. |
| Suite 1600 | Suite 1000 South |
| Philadelphia, PA  19106 | Washington, D.C.  20005-3807 |
| Telephone: (215) 351-0611 | Telephone: (202) 661-2200 |
| Facsimile: (215) 922-3524 | Facsimile: (202) 661-2299 |
| E-mail: usdc-dc@jslex.com | E-mail: larroca@ballardspahr.com |
| | chotvacsc@ballardspahr.com |

*Counsel for Plaintiff and
Counterclaim Defendant*

Jacqueline Phipps Polito
Phillips Lytle LLP
1400 First Federal Plaza
Rochester, New York 14614
Telephone: (585) 238-2000
Facsimile: (585) 232-3141
E-mail: jpolito@phillipslytle.com

*Counsel for Defendants and
Counterclaim Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
INTERNATIONAL PAINTERS AND            )
ALLIED TRADES INDUSTRY PENSION        )
FUND,                                 )
                                      )
    *Plaintiff and Counterclaim Defendant*, )
                                      )
v.                                    ) Case No.: 1:06-CV-01746 (JR)
                                      )
SUPERIOR INTERIOR SYSTEMS, INC. OF    )
ROCHESTER                             )
  A/K/A SUPERIOR INTERIOR SYSTEMS, INC. )
    OF BUFFALO                        )
  A/K/A SUPERIOR INT. SYSTEMS           )
  A/K/A SUPERIOR INTERIOR SYSTEMS, INC., )
                                      )
AND                                   )
                                      )
LARRY FUENTES,                        )
                                      )
    *Defendants and Counterclaim Plaintiffs*. )
_____)

## PROPOSED SCHEDULING ORDER

It is hereby ORDERED that the following deadlines will apply in this case:

  04/25/2007   - deadline for joinder and amendment of pleadings;

  04/25/2007   - deadline for the exchange of Rule 26(a)(1) disclosures;

  07/26/2007   - proponent's Rule 26(a)(2) expert witness report and information;

  08/26/2007   - opponent's Rule 26(a)(2) expert witness report and information;

  09/26/2007   - deadline for expert depositions;

  09/26/2007   - discovery deadline;

  10/26/2007   - deadline for summary judgment and other dispositive motions; and

   __11/09/2007__   - pretrial conference date.

It is further ORDERED that the following limits are placed on discovery in this case:

<u>Interrogatories.</u>  Maximum of twenty-five (25) interrogatories, including parts and subparts, by Plaintiff to Defendants and vice-versa, without leave of court.  Responses due in accordance with Fed. R. Civ. P. 33.

<u>Document Production.</u>  No maximum for requests for production of documents by each party to any other party.  Responses due in accordance with Fed. R. Civ. P. 34.

<u>Requests of Admission.</u>  No maximum for requests for admission by Plaintiff to Defendants and vice-versa.  Responses due in accordance with Fed. R. Civ. P. 36.

<u>Depositions.</u>  Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendants.  However, neither Plaintiff nor Defendants may exceed five (5) non-party, non-expert witness depositions without leave of Court.  Each deposition is limited to a maximum of seven (7) hours (excluding a one (1) hour lunch break) unless extended by agreement of the parties or otherwise permitted by this Court.

_____                                         _____
Date                                                                              James Robertson
                                                                                         United States District Judge

<u>A copy of the foregoing Order shall be sent to:</u>

Sanford Rosenthal
JENNINGS SIGMOND, P.C.
510 Walnut Street
Suite 1600
Philadelphia, PA  19106
*Counsel for Plaintiff and*
*Counterclaim Defendant*

Jeffrey W. Larroca
Charles W. Chotvacs
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005
*Counsel for Defendants and*
*Counterclaim Plaintiffs*